# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

CATHY WICKERS,

    Plaintiff,

v.

DANIEL ROSS, et al.

    Defendants.

CIVIL ACTION NO.
2:08-CV-158-RWS

## **ORDER**

This case is before the Court for purposes of a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). After considering the entire record, the Court enters the following Order.

## Background

Plaintiff Cathy Wickers has filed this suit against Defendants seeking relief for their alleged violation of her civil rights. She brings suit pursuant to 42 U.S.C. § 1983 for violations of her rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants include various officers and entities associated with the City of Helen Police Department and White County's Sheriff's Office, the White

County Detention Center, and White County. Plaintiff appears to assert three main claims against Defendants: (1) False Arrest/Wrongful Detention, (2) Use of Excessive Force, and (3) various tort claims including theft and fraud.

## Analysis

## I. Standard for Frivolity Review

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Additionally, a complaint that is grounded on fanciful, delusional, or fantastic allegations is indisputably meritless and, consequently, frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Where a court lacks jurisdiction to hear an action, the claim is considered frivolous. See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999). A claim is also frivolous where

2

the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327. If an affirmative defense such as a statute of limitation would defeat a claim, that claim may also be frivolous. Clark v. Ga. Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

## II. Analysis

The Court first notes that after careful consideration of Plaintiff's Complaint, it does not appear that any viable claims exist. Moreover, Plaintiff's claims in this action are barred by the applicable statute of limitation. The substantive conduct at issue in this case occurred in 2003. Plaintiff failed to file her complaint until 2008. For this reason, all claims for damages are barred by the statute of limitations for § 1983 claims because they accrued more than two years before Plaintiff filed her complaint. 42 U.S.C. § 1983.

## Conclusion

Based on the foregoing, Plaintiff's claims against Defendants are hereby **DISMISSED without prejudice**.

**SO ORDERED**, this  15th  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge

3